UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JOHN DOE,

                Plaintiff,

-against-

DONALD J. TRUMP, as President of the United States of America; JOHN F. KELLY, as Secretary of the Department of Homeland Security; THE DEPARTMENT OF HOMELAND SECURITY; LORI SCIALABBA, as Acting Director of the U.S. Citizenship and Immigration Services; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; REX W. TILLERSON, as Secretary of State; U.S. DEPARTMENT OF STATE; and THE UNITED STATES OF AMERICA,

                Defendants.

Civil Action No.: 17-cv-112

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO FILE CERTAIN DOCUMENTS UNDER SEAL OR WITH REDACTIONS**

## INTRODUCTION

Plaintiff John Doe is a Sunni Muslim granted asylum upon a finding that he credibly fears persecution in Syria. In July 2016, Plaintiff filed an application for derivative asylum status for his wife and three-year-old daughter, both of whom he was forced to leave behind in war-torn Aleppo. By this action, Plaintiff seeks to challenge a January 27, 2017 executive order signed by President Trump indefinitely barring Syrian refugees from entering the United States, and thus suspending the adjudication of Plaintiff's derivative asylum application for his wife and child.

Plaintiff now submits this motion to proceed anonymously. Plaintiff's wife and daughter have faced threats of death and sexual assault from the same Syrian militiamen who are seeking to locate and murder Plaintiff. Proceeding anonymously will reduce the risk that the militiamen

will learn that Plaintiff is still alive, and thus reduce the risk that they injure or kill Plaintiff's wife and daughter.

## STATEMENT OF FACTS

Plaintiff fled Syria to escape near-certain death at the hands of two armed groups, the Free Syrian Army ("FSA") and the Syrian Arab Army ("SAA"), both of which were vying for territorial control of Aleppo. *See* Affidavit of John Doe in Support of his Motion for Leave to Proceed Anonymously ¶ 2. The FSA targeted Plaintiff because he lived in a part of Aleppo controlled by the SAA, and the FSA wrongly assumed that Plaintiff was sympathetic to the SAA. *Id.* ¶ 3. The SAA, which is controlled by the Assad regime currently in power in Aleppo, targeted Plaintiff because of his religious faith and because he had travelled to an FSA-controlled territory to take care of his family business located there. *Id.* ¶ 4. Members of the FSA and SAA extorted, falsely imprisoned, and tortured Plaintiff, and they threatened Plaintiff with death. Members of the SAA also told Plaintiff that they would rape his wife. *Id.* ¶¶ 5–6. Following torture and imprisonment at the hands of the SAA, Plaintiff also learned that he was "marked for death" by the FSA. *Id.* ¶¶ 5–7. Plaintiff then fled Syria at the urging of his friends and family. *Id.* ¶ 7.

Plaintiff was eventually granted asylum in the United States because of his persecution in Aleppo. *Id.* ¶ 8. Plaintiff's wife and child are currently trapped in Aleppo. *Id.* ¶ 2.

## LEGAL ARGUMENT

While anonymous filings are disfavored, courts may permit a party to proceed anonymously when that party's right of privacy outweighs the public interest in open proceedings. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The Seventh Circuit has recognized that such exceptional circumstances include situations where, as here, the party seeking anonymity faces the danger of retribution if his identity is revealed, is a victim of

torture, or is otherwise "particularly vulnerable." *See Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (permitting plaintiff to proceed anonymously where the plaintiff would likely be killed if he returned to the country from which he fled); *cf. City of Chicago*, 360 F.3d at 669 (noting that the "presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment"); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Records or parts of records are sometimes sealed for good reasons, including the protection of state secrets, trade secrets, and informers; and fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.").

The Seventh Circuit's decision in *Gonzales* is instructive. There, an asylum applicant was permitted to proceed anonymously because revealing his identity in court filings would have increased the risk that he would be killed upon returning to his country of origin. *Gonzales*, 484 F.3d at 446. Here too, Plaintiff is a survivor of torture and violence. He seeks to proceed anonymously to protect both himself (should he return to Syria) and his wife and daughter, who remain in Syria. An identified filing would serve to broadcast the fact that Plaintiff is still alive, placing him, his wife, and his daughter at further risk.

In fact, there is even more justification for permitting Plaintiff to proceed anonymously than there was in *Gonzales*: even if Plaintiff never re-enters Syria, the militiamen may make good on their threats against his wife and daughter if they discover that he is alive. *See, e.g.*, *A.B.T. v. U.S. Citizenship & Immigration Servs.*, 2:11–cv–02108, 2012 WL 2995064, at *3 (W.D. Wash. July 20, 2012) (granting an asylum applicant's motion to proceed anonymously because, *inter alia*, he "believes his identification will jeopardize the safety of his wife and

child."). Given the FSA's and SAA's prior acts of violence against Plaintiff and threats against his family, the current and anticipated future security situation in Syria (of which the Court may take judicial notice), and the public reports of sexual violence and retribution murders becoming commonplace in Syria, leave to proceed anonymously should be granted.

Separately, the fact that Plaintiff is challenging governmental activity also favors granting leave for anonymous filing. *See Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 190 (2d Cir. 2008); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong."). Not only is Plaintiff challenging the government, but he is bringing a case against the very government defendants deciding Plaintiff's pending derivative asylum application—a determination upon which Plaintiff's happiness and his wife's and daughter's lives depend.

To eliminate any risk of prejudice to these defendants, Plaintiff is prepared to share his full name with attorneys for the defendants (should defendants request it and should the Court deem it desirable) with the understanding that they will not disclose his identity to others in the government who are not representing the defendants in this litigation. This approach would serve to counteract the trepidation and concern uniquely felt by Plaintiff while ensuring that the defendants have complete knowledge of Plaintiff's identity.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests leave to proceed anonymously and to file under seal or to redact from public filings certain personal identifying information as necessary to protect his identity and the identities of his wife and surviving daughter.

Dated: New York, New York
February 13, 2017

Respectfully submitted,

HOLWELL SHUSTER & GOLDBERG LLP

By: *Vincent Levy*
   Vincent Levy (vlevy@hsgllp.com)
   Lauren Giudice (lgiudice@hsgllp.com)
   Andrew Breidenbach (abreidenbach@hsgllp.com)
   Andrei Vrabie (avrabie@hsgllp.com)
   Matthew V.H. Noller (mnoller@hsgllp.com)
   Sarah Sternlieb (ssternlieb@hsgllp.com)
   Kevin Benish (kbenish@hsgllp.com) (*law clerk –
   New York State Bar admission pending*)

750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5151

*Attorneys for Plaintiff*