IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOHN DOE,

    Plaintiff,

v.

DONALD J. TRUMP, as President of the United
States of America; JOHN F. KELLY, as Secretary
of the Department of Homeland Security; THE
DEPARTMENT OF HOMELAND SECURITY;
LORI SCIALABBA, as Acting Director of the U.S.
Citizenship and Immigration Services; U.S.
CITIZENSHIP AND IMMIGRATION SERVICES;
REX W. TILLERSON, as Secretary of State; U.S.
DEPARTMENT OF STATE; and THE UNITED
STATES OF AMERICA,

    Defendants.

ORDER

17-cv-112-wmc
_____

    The court is in receipt of John Doe's motion for a temporary restraining order, preliminary injunction and summary judgment. (Dkt. #8.) As with his initial pleading, plaintiff should effectuate service on defendants as soon as possible. Until then, the court will at least assume that the United States has actual notice of the complaint and motion, in light of an Assistant United States Attorney for the Western District of Wisconsin being listed on the docket. On or before noon on Friday, February 17, 2017, all timely-served defendants, SHALL file a response to the following three questions: (1) what is the current status of plaintiff's request for derivative asylum for his wife and

surviving daughter?;[1] (2) did the United States continue processing refugee/asylee relative petitions for beneficiaries residing in Syria after issuance of the January 27, 2017, Executive Order?; and (3) if not, does the United States take the position that the preliminary injunction entered by the court in *Washington v. Trump*, No. C170141LJR, 2017 WL 462040 (W.D. Wash. Feb. 3, 2017), enjoin the Order's enforcement as to the processing of refugee/asylee relative petitions for beneficiaries residing in Syria? After receipt of this initial filing by defendants, the court will determine the next steps in terms of briefing and a possible hearing.

    Also before the court is plaintiff's motion for leave to proceed anonymously. (Dkt. #2.) The court finds that plaintiff's right to privacy, specifically to protect himself, his wife and daughter from retaliation, outweighs the public interest in knowing plaintiff's actual name in these proceedings. *See Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (approving district court's decision permitting plaintiff to proceed anonymously where the plaintiff would likely be killed if he returned to the country from which he fled). Accordingly, that motion is GRANTED.

    Entered this 14th day of February, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The appropriate government official should coordinate with plaintiff's counsel to obtain plaintiff's name. Defendants should maintain plaintiff's anonymity in their filings.