## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN DOE, | |
| *Plaintiff*, | |
| *v.* | Civil Action No. 17-cv-112-wmc |
| DONALD J. TRUMP, President of the United States of America; JOHN F. KELLY, Secretary of the Department of Homeland Security; THE DEPARTMENT OF HOMELAND SECURITY; LORI SCIALABBA, Acting Director of the U.S. Citizenship and Immigration Services; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; REX W. TILLERSON, Secretary of State; U.S. DEPARTMENT OF STATE; and THE UNITED STATES OF AMERICA, | |
| *Defendants*. | |

### DEFENDANTS' RESPONSE TO THE COURT'S ORDER OF FEBRUARY 14, 2017

Pursuant to the Court's Order of February 14, 2017 (ECF No. 14), Defendants, Donald J. Trump, President of the United States of America; John F. Kelly, Secretary of the Department of Homeland Security ("DHS"); DHS; Lori Scialabba, Acting Director of the United States Citizenship and Immigration Services ("USCIS"); USCIS; Rex. W. Tillerson, Secretary of State; the United States Department of State ("DOS"); and the United States of America (collectively, "Defendants"), respectfully offer this response to the Court's questions.

## BACKGROUND

### I. PLAINTIFF'S ASYLEE STATUS AND DERIVATIVE BENEFICIARY APPLICATIONS

On information and belief, Defendants understand Plaintiff was granted asylum and protection under the regulations implementing the Convention Against Torture ("CAT") by an immigration judge in Chicago, Illinois, on May 27, 2016. *See* Complaint, ECF No. 1 at ¶17. Pursuant to statutes and regulations, aliens—such as Plaintiff—who are physically present or arriving in the United States and are seeking asylum or similar protection may obtain relief or protection in the form of asylum, withholding of removal, or protection under regulations implementing the United States' obligations under the CAT. *See* 8 U.S.C. §§ 1158, 1225(b)(1)(B), 1231(b)(3); 8 C.F.R. §§ 1208.16(c), 1208.17, 1208.18.[1] Following the grant of relief, Plaintiff filed Form I-730 applications with USCIS to immigrate his qualifying relatives in Syria. *See* Complaint, ECF No. 1 at ¶18.

### II. EXECUTIVE ORDER AND SUBSEQUENT NATIONWIDE INJUNCTION

The President of the United States determined that "[d]eteriorating conditions in certain countries due to war, strife, disaster, and civil unrest increase the likelihood that terrorists will use any means possible to enter the United States," and that our Nation accordingly must take

---

[1] The United States Refugee Admissions Program (USRAP) is a separate means for aliens outside the United States to seek admission if they have been persecuted or have a well-founded fear of persecution on account of race, religion, nationality, or other specified grounds, and typically if they have been displaced from their country of nationality. 8 U.S.C. § 1101(a)(42); *see id.* § 1157. The President, in consultation with Congress, is authorized to determine the number of refugees to be admitted each year and to allocate refugee slots. *Id.* § 1157(a)(2)-(3). Refugees are screened for eligibility and admissibility abroad, and if a refugee is approved for admission he may be admitted to the United States without a visa. *Id.* §§ 1157(c)(1), 1181(c). Plaintiff interchangeably references asylee and refugee status in his pleadings. *See* ECF No. 9 at 5, 10-11, n.6. Plaintiff, however, was not granted refugee status under USRAP and Section 5 of the January 27, 2017, Executive Order is inapplicable to him or his derivatives.

additional steps "to ensure that those approved for admission do not intend to harm Americans and that they have no ties to terrorism." Executive Order: Protecting the Nation from Foreign Terrorist Entry into the United States (Jan. 27, 2017), No. 13,769, 82 Fed. Reg. 8977 (2017). Thus, invoking his constitutional authority to control the entry of aliens into this country and congressionally delegated authority to "suspend the entry of * * * any class of aliens" whose entry "would be detrimental to the interests of the United States," the President directed a temporary ninety-day suspension of entry for individuals from seven countries previously identified as posing a heightened risk of terrorism by Congress or the Executive Branch; a temporary 120-day suspension of the U.S. Refugee Admissions Program; and a suspension of entry of Syrian nationals as refugees until the President determines that measures are in place "to ensure that admission of Syrian refugees is consistent with the national interest." Exec. Order §§ 3(c), (5)(a), (c). The Executive Order reflects the President's judgment that the potential risk of erroneously admitting aliens from these seven terrorism compromised countries while his new Administration was assessing the Nation's screening procedures was too high. Nevertheless, exceptions to the Executive Order's suspension of the entry of aliens from the seven countries identified under § 1187(a)(12) can be made on a case-by-case basis. Exec. Order § 3(g).

Following the Executive Order, on January 30, 2017, the State of Washington brought an action asserting constitutional and statutory claims against the United States, the President, and the Secretaries of Homeland Security and State, in the District Court for the Western District of Washington. *See Washington v. Trump*, No. C170141LJR, 2017 WL 462040 (W.D. Wash. Feb. 3, 2017). Washington also moved for a temporary restraining order and subsequently amended its complaint to add the State of Minnesota as a plaintiff. *Id.* The District Court for the Western District of Washington held a hearing and on February 3, 2017, the court issued a nationwide

3

injunction, effective immediately, barring enforcement of sections 3(c), 5(a)-(c), and 5(e) of the Executive Order. *Id.*

Thereafter, Defendants filed a motion for administrative stay and motion for stay pending appeal with the United States Court of Appeals for the Ninth Circuit. *See* Ninth Circuit Docket No. 17-35105, ECF No. 14. On February 4, 2017, the Ninth Circuit denied the stay, concluding the States have Article III standing by virtue of their operation of state universities, and finding third party standing. *Id.*, ECF No. 15. On the merits, the panel concluded the government had "not demonstrated" the States "lack[ed] viable claims based on the due process rights of persons who will suffer injuries to protected interests due to" the Executive Order. *Id.* at 22-23. On February 10, 2017, the Ninth Circuit issued an order instructing the parties to file simultaneous briefs on whether this matter should be reconsidered en banc. *Id.*, ECF No. 139. Pursuant to the Ninth Circuit's Order, on February 16, 2017, Defendants filed a brief noting that notwithstanding serious flaws in the panel's decision, the government does not seek en banc review on the merits. *Id.*, ECF No. 154 at 15. Instead, Defendants asked the Ninth Circuit to hold its consideration of the case until a new Executive Order is issued by the President of the United States, and respectfully requested that the panel opinion be vacated. *Id.* Based on the Government's representation about the new Executive Order, the Ninth Circuit stayed the en banc proceedings on February 16, 2017. *Id.*, ECF No. 161 (Order Feb. 16, 2017).

### III. PLAINTIFF'S COMPLAINT AND THE COURT'S ORDER

On February 13, 2017, Plaintiff filed the instant action before this Court seeking declaratory and injunctive relief for alleged statutory and constitutional violations related to the Order of January 27, 2017. ECF No. 1. On the same day, without conferring with Defendants' counsel, Plaintiff sought a temporary restraining order, a preliminary injunction, and summary

judgment in Plaintiff's favor.  ECF No. 9.  On February 14, 2017, the Court issued an Order

directing Defendants to answer the following three questions:

> (1) what is the current status of plaintiff's request for derivative asylum for his
> wife and surviving daughter?; (2) did the United States continue processing
> refugee/asylee relative petitions for beneficiaries residing in Syria after
> issuance of the January 27, 2017, Executive Order?; and (3) if not, does the
> United States take the position that the preliminary injunction entered by the
> court in *Washington v. Trump*, No. C170141LJR, 2017 WL 462040 (W.D.
> Wash. Feb. 3, 2017), enjoin the Order's enforcement as to the processing of
> refugee/asylee relative petitions for beneficiaries residing in Syria?

ECF No. 14.  The Court added that after receipt of this initial filing by Defendants, "the Court

will determine the next steps in terms of briefing and a possible hearing."  *Id.*

## RESPONSES

### I.   THE CURRENT STATUS OF PLAINTIFF'S PETITIONS FOR DERIVATIVE ASYLUM STATUS FOR HIS SPOUSE AND CHILD_____

Following the Court's Order, Defendants have undertaken to confirm the status of

Plaintiff's derivative asylum petitions.  Defendants can confirm some information regarding the

petitions.  Plaintiff filed Form I-730, Refugee/Asylee Relative Petitions, on behalf of a spouse

and a child.  Both I-730 petitions were filed on July 7, 2016.  Both I-730 petitions are currently

pending at the USCIS Nebraska Service Center ("NSC").

Based on a preliminary review, it does not appear Plaintiff's derivative petitions were

affected by the January 27, 2017, Executive Order.  NSC officers were notified by NSC

management on January 28, 2017, to halt processing applications/petitions where the individual

receiving benefits is from one of the seven listed countries, including Syria, pursuant to the

Executive Order.  NSC officers were then notified via USCIS Today Broadcast (DEX 1) on

February 3, 2017, of the nationwide injunction on enforcing certain sections of the Executive

Order.  It appears, however, that Plaintiff's petitions' handling were within NSC's normal

processing and not affected by the Executive Order because, according to the USCIS file tracking system, both I-730 petitions were forwarded on January 28, 2017, from an NSC Congressional Liaison Specialist (who was handling an expedite request for these petitions from the Office of Senator Tammy Baldwin) to an I-730 officer.  The tracking system reflects the I-730 officer received the files on Thursday, February 2, 2017, and the petitions are being processed on an expedited basis.

## II. PROCESSING OF ASYLEE RELATIVE PETITIONS FOR BENEFICIARIES RESIDING IN SYRIA AFTER JANUARY 27, 2017

Following the signing of the Executive Order of January 27, 2017, Defendants endeavored to comply with the mandate, however, upon issuance of the nationwide injunction in *Washington*, No. C170141LJR, 2017 WL 462040, on February 3, 2017, Defendants returned to processing of asylee relative petitions as was done prior to the Executive Order.  *See* DEX 1 (stating "[a]ll enforcement of the above-listed sections of the Executive Order must halt immediately.")  Specifically, USCIS acknowledged the injunction suspended Sections 3(c), 5(a), 5(b), 5(c), and 5(e) of the Executive Order.  *Id.*  Accordingly, processing of Form I-730 derivative asylum petitions—such as Plaintiff's—resumed when the injunction was issued.  Processing of asylee relative petitions currently continue unaffected by the January 27, 2017, Executive Order.  *See* Ninth Circuit Docket No. 17-35105, ECF No. 154 at 15.

Defendants request that the Court enter a briefing schedule permitting Defendants an opportunity to respond to Plaintiff's request for a Preliminary Injunction, Motion for Summary Judgement, and otherwise answer the Complaint as permitted by the Federal Rules of Civil Procedure.[2]

---

[2]  Further, given that a new Executive Order will be forthcoming soon, Defendants offer that a stay of the proceedings until such time as the new Executive Order issues may also be appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should enter a briefing schedule for Defendants to respond to Plaintiff's Complaint, Motion for a Preliminary Injunction, and Motion for Summary Judgment.

Dated: February 17, 2017                    Respectfully submitted,

                                            CHAD A. READLER
                                            Acting Assistant Attorney General

                                            AUGUST E. FLENTJE
                                            Special Counsel to the Assistant
                                            Attorney General

                                            WILLIAM C. PEACHEY
                                            Director

                                            GISELA WESTWATER
                                            Assistant Director


                                      By:   */s/ Yamileth G. Davila*
                                            YAMILETH G. DAVILA
                                            Senior Litigation Counsel
                                            United States Department of Justice
                                            Civil Division
                                            Office of Immigration Litigation
                                            District Court Section
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, DC 20044
                                            Tel: (202) 305-0137
                                            e-Mail: yamileth.g.davila@usdoj.gov

                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2017, I served the foregoing by uploading an

electronic version of this document to the Court's ECF system.  Service will be accomplished via

CM/ECF on the following registered users:

> Andrei Vrabie, Esq.
> Holwell Shuster & Goldberg LLP
> 750 Seventh Avenue
> 26th Floor
> New York, NY 10019
> 646-837-8381
> Email: avrabie@hsgllp.com
>
> Andrew Breidenbach, Esq.
> Holwell Shuster & Goldberg LLP
> 750 Seventh Avenue
> 26th Floor
> New York, NY 10019
> 646-837-8381
> Email: abreidenbach@hsgllp.com
>
> Lauren Nicole Giudice, Esq.
> Holwell Shuster & Goldberg LLP
> 750 Seventh Avenue
> 26th Floor
> New York, NY 10019
> 646-837-8381
> Email: lgiudice@hsgllp.com
>
> Matthew Noller, Esq.
> Holwell Shuster & Goldberg LLP
> 750 Seventh Avenue
> 26th Floor
> New York, NY 10019
> 646-837-8381
> Email: mnoller@hsgllp.com
>
> Vincent Levy, Esq.
> Holwell Shuster & Goldberg LLP
> 750 Seventh Avenue, 26th Floor
> New York, NY 10019
> 646-837-5120
> Email: vlevy@hsgllp.com

Lester A. Pines, Esq.
Cullen Weston Pines & Bach LLP
122 W. Washington Ave
Suite 900
Madison, WI 53703
608-251-0101
Fax: 608-251-2883
Email: Pines@cwpb.com

Tamara Beth Packard, Esq.
Cullen Weston Pines & Bach LLP
122 W. Washington Ave
Suite 900
Madison, WI 53703
608-251-0101x316
Fax: 608-251-2883
Email: tpackard@pinesbach.com

            /s/
            YAMILETH G. DAVILA
            Senior Litigation Counsel
            United States Department of Justice
            Civil Division