IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN DOE,

    Plaintiff,

v.

DONALD J. TRUMP, JOHN F. KELLY,
THE DEPARTMENT OF HOMELAND
SECURITY, LORI SCIALABBA, U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES, REX W. TILLERSON, U.S.
DEPARTMENT OF STATE and THE
UNITED STATES OF AMERICA,

    Defendants.

ORDER

17-cv-112-wmc

    The court is in receipt of plaintiff's renewed application for a temporary restraining order and preliminary injunction. (Dkt. #29.) After reviewing plaintiff's submissions and conducting a brief hearing with the parties, the court concludes that plaintiff has presented some likelihood of success on the merits and that he is at great risk of suffering irreparable harm if a temporary restraining order is denied. *See Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012) (quoting *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011) (internal quotations omitted)).

    The court appreciates that there may be important differences between the original executive order, and the revised executive order issued on March 6, 2017 -- for example, the government points to a new waiver provision. As the order applies to the plaintiff here, however, the court finds his claims have at least some chance of prevailing for the reasons articulated by other courts. *See Washington v. Trump*, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 462040 (W.D. Wash. Feb. 3, 2017). Moreover, given the daily threat to the lives of

plaintiff's wife and child remaining in Aleppo, Syria, the court further finds a significant risk of irreparable harm. Finally, while defendants object to the entry of temporary injunctive relief, they argue during the hearing that the executive order may not even apply to plaintiff's asylee relative petition, thus ameliorating any harm to the government, or at least any harm caused by the brief period covered by this temporary restraining order. Accordingly,

IT IS ORDERED that:

1) Plaintiff's motion for temporary restraining order (dkt. #29) is GRANTED IN PART AND RESERVED IN PART. The motion for temporary restraining order is granted, and the motion for preliminary injunction is reserved pending further briefing and hearing.

2) Defendants are enjoined from enforcing Executive Order 13780 (Mar. 6, 2017) as it pertains to plaintiff and his refugee/asylee relative petitions for his wife and child.

3) Defendants' response to plaintiff's motion for preliminary injunction is due on or before March 16, 2017; plaintiff's reply is due by noon on March 20, 2017.

4) The court will hold an in person hearing on March 21, 2017, at 3:00 p.m., to address the merits of the motion for preliminary injunction.

Entered this 10th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge